Dennis E. SPECTOR and James A. Crowley, Plaintiffs–Appellants,

v.

BOARD OF TRUSTEES OF COMMUNITY TECH COLLEGES, Naugatuck Valley Community College, Richard Sanders, Pres. Naugatuck Valley Community College, I/O, Patricia Bouffard, Academic Dean, Naugatuck Valley Community College, I/O, Mitchell Holmes, Bus. Div. Dir., Naugatuck Valley Community College, I/O, Arthur Dubois, Dir., Human Resources & Labor Relations, Naugatuck Valley Community College, I/O, Joseph Cistulli, Former Academic Dean, Naugatuck Valley Community College, I/O, Edward Connole, Lt. Dir., Public Safety Dept, Naugatuck Valley Community College, I/O, William Rimick, Ofcr. Public Safety Dept., Naugatuck Valley Community College, Ind., and Arian Gorishti, Ofcr. Public Safety Dept, Naugatuck Valley Community College, Ind., Defendants–Appellees.

No. 08–0398–cv.

United States Court of Appeals, Second Circuit.

March 18, 2009.

Dennis E. Spector, Colebrook, C.T. (Rachel M. Baird, Torrington, C.T., on the brief), for Appellants.

Eleanor May Mullen, Assistant Attorney General, for Richard Blumenthal, Attorney General, State of Connecticut (Jane B. Emons, Assistant Attorney General, on the brief), Hartford, CT, for Appellees.

Present: WALKER, ROSEMARY S. POOLER, Circuit Judges, and LEWIS A. KAPLAN,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellants Dennis E. Spector and James A. Crowley seek review of a December 28, 2007, 2007 WL 4800726, judgment of the district court dismissing their action against defendants, the Connecticut Board of Trustees of Community–Technical Colleges ("Board of Trustees"), Naugatuck Valley Community College ("NVCC"), and various NVCC employees for, inter alia, discrimination against Crowley based on his status as an ordained Catholic priest and retaliation against Spector for engaging in protected activity on Crowley's behalf, in violation of Title VII of the Civil Rights Act of 1964. Appellants argue that the district court erred in granting summary judgment for defendants. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo and affirm only if the record, viewed in the light most favorable to the

Appeal from the United States District Court for the District of Connecticut (Hall, J.).

_____

* The Honorable Lewis A. Kaplan, United States District Court for the Southern District of New York, sitting by designation.

non-moving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ollman v. Special Bd. of Adjustment No. 1063,* 527 F.3d 239, 245 (2d Cir.2008). A "genuine" dispute is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In opposing a motion for summary judgment, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998).

To prevail on a retaliation claim, a plaintiff must demonstrate "that a reasonable employee would have found the challenged action materially adverse," i.e., that the action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citation and quotation marks omitted). The challenged action need not affect the terms and conditions of employment in order to constitute unlawful retaliation. *Id.* at 60–67, 126 S.Ct. 2405; *Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 207–08 (2d Cir.2006); *Zelnik v. Fashion Inst. of Tech.,* 464 F.3d 217, 227 (2d Cir.2006).

To make out a prima facie case of retaliation, a plaintiff must demonstrate, inter alia, that "a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Kessler,* 461 F.3d at 206 (quotation marks omitted). In the absence of direct evidence of retaliatory motive, courts apply the *McDonnell Douglas* test. *See Taitt v. Chem. Bank,* 849 F.2d 775, 777 (2d Cir.1988) (applying *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to a retaliation claim). Under *McDonnell Douglas,* the defendant has the burden to demonstrate a "legitimate, nondiscriminatory reason" for the adverse action against the plaintiff. 411 U.S. at 802, 93 S.Ct. 1817. If the defendant articulates such a reason, the burden shifts back to the plaintiff "to show that the reasons [proffered] by the defendant were not the defendant's true reasons, but rather a pretext for [retaliation]." *Taitt,* 849 F.2d at 777.

Crowley filed a Complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that he was denied promotion due to his age and religion on November 15, 2001. Spector submitted a statement on Crowley's behalf in that litigation. Both plaintiffs claim that they have suffered incidents of retaliation ever since.[1] Crowley settled all claims arising out of the promotion incident as of April 21 2003.[2]

Spector claims that the retaliation against him has taken the form of harassment from the NVCC administration, consisting of, inter alia, unfulfilled threats of disciplinary action, rumors, accusations of misconduct, disputes over management of student organizations, and notices "reminding" him of the availability of mental health counseling. Both plaintiffs com-

---

1. We do not reach the question of whether these claims were barred by plaintiffs' failures to exhaust administrative remedies.

2. We reject plaintiffs' argument that the settlement agreement is not enforceable against defendants due to their breach of that agreement, as discussed *infra.* Thus, we only consider incidents of discrimination alleged by Crowley that occurred after April 21, 2003.

plain that they were moved to less desirable offices with inadequate furnishings, that their classes were briefly interrupted by campus police engaged in surveillance and conducting investigations, and that administrators failed to investigate their grievances. Plaintiffs argue that they have suffered embarrassment and lost time responding to these acts of retaliation.

A retaliation plaintiff need not show that she or he suffered economic harm, severe humiliation, or threats of violence. But "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N.*, 548 U.S. at 67, 126 S.Ct. 2405. Considering these incidents cumulatively and in the light most favorable to plaintiffs, we conclude that the district court did not err in concluding that the alleged pattern of harassment did not rise the level that could be regarded as a materially adverse action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

A pattern of retaliatory harassment could rise to the level of a Title VII violation in certain circumstances. But for many of the alleged incidents of retaliation here, plaintiffs offer only conclusory allegations of retaliatory motive, or defendants offer unrebutted evidence of legitimate, nondiscriminatory reasons for their actions. For example, plaintiffs complain that defendants failed to investigate their numerous grievances adequately, but defendants proffered legitimate, nondiscriminatory reasons for ending investigations after reasonable efforts, including the need to conserve college resources. Plaintiffs also complain about office relocations, but

defendants offered evidence that the relocations were required to make room for the college's nursing division. Plaintiffs presented no evidence from which a reasonable fact finder could conclude that these reasons were pretexts for retaliation.

Plaintiffs also argue that the district court erred in refusing to consider incidents against Crowley occurring prior to his April 21, 2003 settlement agreement, because defendants breached Paragraph 9 of that agreement, releasing Crowley from his waiver of claims. Paragraph 9 provides: "Respondent is aware of its obligation and will continue to comply with the various state and federal laws that prohibit discrimination, and prohibit retaliation for the filing of employment discrimination complaints."

Even assuming that this provision imposed a contractual obligation upon defendants to comply with relevant laws, because, as discussed *supra*, Crowley cannot prevail under Title VII on any claim based on incidents occurring after April 21, 2003,[3] he cannot demonstrate that defendants were in breach of Paragraph 9. We also note that, for a breach of contract to excuse performance by a counterparty, that breach must be "material." *See, e.g., Bernstein v. Nemeyer*, 213 Conn. 665, 670, 570 A.2d 164 (1990); Restatement (Second) Contracts § 241.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

---

**3.** Plaintiffs do not appeal the district court's dismissal of their discrimination and retaliation claims brought under provisions of law other than Title VII.